**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **JULIE HANEWINKEL,**<br>**24 Oak Terrace**<br>**Webster Groves, MO.**<br>**63119**<br><br>  **Plaintiff,**<br><br>v.<br><br>**KIRKWOOD SCHOOL DISTRICT,**<br><br>And<br><br>**DAVID HOLLEY**<br><br>  **Defendants.**<br>**Serve:**<br>Andrew B. Leonard<br>400 S. Woods Mill Rd.<br>Suite 250<br>Chesterfield MO<br>63017<br><br>David Holley<br>801 W. Essex Ave.<br>Kirkwood MO 63122<br>**POE** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CASE NO.:  4:10-CV-02020**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST AMENDED PETITION FOR DAMAGES

COMES Now Plaintiff Julie Hanewinkel by and through the undersigned counsel, and states for her allegation against Defendant:

  1. Plaintiff is a Citizen of St. Louis County Missouri.

  2. Defendant Kirkwood School District (Defendant KSD) is a Public School system in St. Louis County Missouri.

  3. Defendant David Holley (Defendant Holley) was at all relevant times an employee of Defendant Kirkwood School District.

1

4. Plaintiff Julie Hanewinkel (Plaintiff Hanewinkel) is a former tenured Counselor employed by Defendant KSD.

5. Plaintiff Hanewinkel's performance was satisfactory at all relevant times herein.

6. All material events and transactions underlying Plaintiff Hanewinkels claims occurred within the County of St. Louis County Missouri jurisdiction and venue are proper pursuant to R.S.Mo. §508.010.

## COUNT I

(Julie Hanewinkel v. David Holley –Tortious Interference with Contract)

7. Paragraphs 1-6 are incorporated by reference herein.

8. Plaintiff Hanewinkel was a tenured and contracted Counselor for Defendant KSD with an expectation of returning to work for Defendant KSD, after spending one or two years raising the infant Plaintiff Hanewinkel was pregnant with during the 2007-2008 school year.

9. Defendant Holley was well aware that Plaintiff Hanewinkel was contracted and tenured with Defendant KSD.

10. Defendant Holley intentionally induced and caused Defendant KSD to breach Plaintiff's contract by terminating Plaintiff Hanewinkel.

11. Defendant Holley actions were unjustifiable.

12. Plaintiff Hanewinkel is barred from future contracts with Defendant KSD.

13. Defendant Holley's actions have interfered with Plaintiff Hanewinkel's and KSD's future relationships.

14. Plaintiff Hanewinkel suffers financial injury as a result of Defendant Holley's tortious acts.

WHEREFORE, Plaintiff Hanewinkel prays this Honorable Court for a judgment in excess of $25,000.00, interest, cost and anything else this Court deems just fair and appropriate.

## COUNT II

(Plaintiff Julie Hanewinkel v. Defendant KSD- Wrongful Termination §105.711 R.S.Mo. Public Policy Exception)

15. Paragraphs 1-14 are incorporated by reference herein.

16. Defendant KSD terminated Plaintiff's employment contract based on Plaintiff's pregnancy and sex.

17. Defendant KSD violated public policy in violation of Missouri Law.

18. Defendant KSD's intentional misconduct violated Plaintiff Hanewinkels rights and the Missouri law §105.711RSMO.

19. As a result of Defendant KSD's unlawful discrimination Plaintiff Hanewinkel suffers lost wages, loss of health benefits, and emotional distress.

20. Defendant KSD asserts that Plaintiff's absences brought about by Plaintiffs' pregnancy justifies violating Plainitiff Hanewinkel rights under Missouri law.

21. Defendant KSD's actions were intentional, willful, knowing, wanton, malicious, and in flagrant disregard for the rights of Plaintiff Hanewinkel and entitle Plaintiff Hanewinkel to an award of punitive damages.

22. David Holley Defendant's agent terminated Hanewinkel.

23. All the wrongful conduct by all the employees of the Defendant were undertaken in the scope and course of their employment by the Defendants, or its agent(s).

24. Defendant had a duty not to terminate an at-will employee for being female and pregnant or suffering complications during pregnancy.

25. Defendant breached its duty by discharging Hanewinkel for being female, pregnant and experiencing complications during her pregnancy.

26. The actions of the Defendant directly and proximately caused Hanewinkel's damages.

27. As a direct and proximate result the illegal and wrongful discharge of Hanewinkel by Defendant has suffered the following special damages, all of which are ongoing and exceed $225,000.00.

28. Hanewinkels discharge was and is actionable.

3

29. Hanewinkel is entitled to compensatory damages to compensate her for her damages.

30. Plaintiff's non-economic damages are in excess of $350,000.00 (and subject to an inflation factor).

WHEREFORE, Plaintiff Hanewinkel prays this Honorable Court for a judgment in excess of $25,000.00, interest, cost and other relief this Court deems just fair and reasonable.

Fields and Associates LLC.

Respectfully submitted,

S/Larry S. Fields_____
Larry S. Fields 58044
415 S. 18th Street
Suite 101
St. Louis, MO. 63101
Telephone 314-721-4040
Facsimile   314-721-6045

### CERTIFICATE OF SERVICE

I hereby declare that on December 16, 2011 all counsel of record were served the instant amended complaint by way of the Clerk of Courts Electronic Filing System.

Larry S. Fields

Case: 4:11-cv-02020-CEJ   Doc. #: 12   Filed: 12/16/11   Page: 4 of 4 PageID #: 54